THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CALVIN DORRIS, Defendant-Appellant.

Fourth District   No. 14224

Opinion filed February 17, 1978.

William R. Gaston, of Gaston & Goldstein, of Urbana, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Phyllis Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant was charged with contempt of court in that he on two successive occasions, when called to testify in a criminal case, lied to the court when he stated that he had to travel to Indiana due to the death of his sister. In addition, the defendant also failed to return to court to testify on a specific date as instructed by the trial court.

A petition for rule to show cause was served on the defendant and a preliminary hearing was held. Subsequently, a hearing on the petition to show cause was held, at which time the defense counsel made a motion that the trial judge recuse himself and another judge be appointed to hear the case since the trial judge had presided over the earlier proceedings in which the alleged contemptuous conduct took place. The trial judge refused, and the case proceeded as a bench trial with the State producing three witnesses and only the defendant testifying in his behalf.

At the conclusion of the hearing, the trial judge entered oral findings of fact that the defendant's conduct was wilful and did hinder the court in the administration of justice. The trial judge subsequently entered his written order which stated that the defendant had knowingly lied to the court and knowingly and wilfully failed to appear in court pursuant to a subpoena. Defendant's post-trial motion was denied and he was sentenced to 2 years' probation and 10 days in the Champaign County jail, which time was to be served on five consecutive weekends.

The defendant contends on appeal that the trial judge should have recused himself from the contempt proceedings since he had presided over earlier proceedings in which the alleged contemptuous conduct took place; that the defendant was not proved guilty beyond a reasonable doubt; that the defendant should have been informed of and given a right to trial by jury; and that the discrepancy between the trial judge's oral findings of fact and his written order constituted reversible error. The State argues that the proceedings were proper and that the defendant was properly convicted of contempt of court.

■■ The defendant's first contention that the trial judge should have recused himself is easily disposed of since the contempt in the instant case did not involve remarks by the defendant directed at the trial judge.

(*Mayberry v. Pennsylvania* (1971), 400 U.S. 455, 27 L. Ed. 2d 532, 91 S. Ct. 499.) A review of the record indicates no personal antagonism between the judge and the defendant and thus no appearance of bias. Therefore in the absence of any remarks directed against the trial judge there was no error as a result of the trial judge presiding over the contempt proceedings and he was correct in not recusing himself. *People v. Bennett* (1972), 51 Ill. 2d 282, 281 N.E.2d 664; *People v. Barrett* (1976), 35 Ill. App. 3d 939, 342 N.E.2d 775.

■■ Defendant next contends that he was not proved guilty beyond a reasonable doubt because the State failed to establish that the defendant intended to obstruct or impede the court or to embarrass it in the administration of justice. This argument is totally without merit since the contemptuous state of mind or intent may be inferred from proof of the surrounding circumstances and from the character of the defendant's actions. (*People ex rel. Kunce v. Hogan* (1977), 67 Ill. 2d 55, 364 N.E.2d 50.) The record discloses that the surrounding circumstances and the wilful actions of the defendant were sufficient from which to infer the requisite intent.

■■ Defendant next argues that he should have been informed of and given a right to a trial by jury for the contempt charge. In support of this argument the defendant resorts to statutory definitions of "petty offenses" and concludes that where a jail term is involved, as in the instant case, the offense is not a petty offense but a serious crime. The defendant also concludes that the holding of *Duncan v. Louisiana* (1968), 391 U.S. 145, 20 L. Ed. 2d 491, 88 S. Ct. 1444, directs that the defendant be entitled to a jury trial. This conclusion, however, ignores the result reached in *Bloom v. Illinois* (1968), 391 U.S. 194, 20 L. Ed. 2d 522, 88 S. Ct. 1477, wherein it was decided that the penalty actually imposed is the best evidence of the seriousness of the offense. Since the sentence imposed in this case did not exceed 6 months nor did the sentence indicate that the crime was a serious offense, the holdings in *Mayberry* and *Bloom* directing that jury trials be granted for serious offenses are inapplicable. The defendant was not entitled to a jury trial.

■■ The defendant's final argument is that the discrepancy between the trial judge's oral findings of fact and his more extensive written order could have affected the sentencing since the trial judge may have inadvertently relied on the written order thus denying the defendant a fair hearing and sentencing. This argument is mere speculation unsupported by any authority. The written order, even if relied upon by the trial judge, was sufficiently supported by the record so that the defendant was not denied a fair hearing and sentencing. Thus, there was no error because of this discrepancy.

For the foregoing reasons, the judgment of the trial court of Champaign County is affirmed.

Affirmed.

MILLS, P. J., and TRAPP, J., concur.